IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ARRIVALSTAR, S.A., et al., | * | |
| Plaintiffs | * | |
| v. | * | Case No. 1:11-CV-00761 JKB |
| RALIGN T. WELLS, et al., | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFFS' OPPOSITION TO MTA'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR PATENT INFRINGEMENT**

This Opposition addresses the arguments made by MTA in its Memorandum in Support of its Motion to Dismiss the cause of action for patent infringement, the sole count in Plaintiffs' Complaint. (Document No. 16.) Plaintiffs are contemporaneously filing, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, a two-count Amended Complaint that amends Count I, adds a Count II for injunctive relief, and adds additional defendants. In this Opposition, Plaintiffs do not anticipate or address any filings or arguments that may be made by Defendant in response to Plaintiffs' Amended Complaint.

**I. PLAINTIFF MISSTATES SOVEREIGN IMMUNITY LAW**

MTA argues that wavier is the only way a state can lose sovereign immunity. MTA Memo at 3. This is an oversimplification of a developed body of jurisprudence that seeks to balance the sovereign immunity of a state with the rights of person and entities that come into contact with or do business with a state.

There are a number of situation, beyond wavier, in which a state is not entitled to a sovereign immunity defense. When the United States sues a state in federal court, sovereign immunity does not apply. *West Virginia v. United States*, 479 U.S. 305 (1987) (". . . States have no sovereign immunity as against the Federal Government . . ."). When one state sues another state, the United States Supreme Court has original and exclusive jurisdiction over the suit. U.S. Constitution, Art. III , Sec. II. Congress may pass legislation that abrogates the states' immunity.[1] In *Fitzpatrick v. Bitzer*, 427 U.S. 445 (1976) (Rehnquist, J.), the Supreme Court held that the Eleventh Amendment did not bar employees' discrimination suit against an agency of the State of Connecticut in federal court for money damages under Title VII of the Civil Rights Act of 1964.

The Supreme Court's decision in *Florida Prepaid Postsecondary Education Expense Bd. V. College Savings Bank*, 527 U.S. 666 (1999), on which the MTA relies, has to be read in the broader context of sovereign immunity law. When the Supreme Court held in *Florida Prepaid* that the Patent Remedy Act did not abrogate the Eleventh Amendment, its reasoning was that Congress had not developed a sufficient record to show that legislation permitting the states to be sued for patent infringement was a properly-tailored and appropriate legislative response to an actual and documented problem under patent law.

---

[1] In its Memorandum in Support, the MTA mixes up abrogation of sovereign immunity with wavier of sovereign immunity. See MTA Memo at 4 (". . . Congress' attempt to waive sovereign immunity . . ."). Congress did not attempt to "waive" the states' sovereign immunity by enacting the Patent Remedy Act – Congress unsuccessfully attempted to "abrogate" the states' sovereign immunity through legislation.

*Florida Prepaid* did not address an individual patent owner's right under the Fourteenth Amendment due process clause to seek redress for patent infringement by a state where that state does not provide an adequate remedy.

## II. PLAINTIFFS HAVE NO ADEQUATE REMEDY FOR PATENT INFRINGEMENT IN THE COURTS OF THE STATE OF MARYLAND

A patent infringement suit in the courts of the State of Maryland would be an anomaly.

<u>No state court jurisprudence</u>. Maryland courts have not developed any substantive law dealing with patent validity or infringement. Patent law is particularized and nuanced with many concepts and principles that are unknown in Maryland law, such as judicial construction of patent claims at a <u>Markman</u> hearing, the doctrine of equivalents, contributory and vicarious infringement, and damages not less than reasonable royalty. Seeking a remedy for patent infringement under jurisprudence devoid of patent law principles is no remedy at all.

<u>The Court of Appeals of Maryland has disavowed jurisdiction over patent infringement</u>. Maryland courts do not decide patent infringement cases. *See Jones Cold Store Door Co. v. Jones*, 108 Md. 439 (1908); *Edwards v. Gramling Engineering Corp.*, 322 Md. 535, 552-554 (1991). The Court of Appeals of Maryland has expressly stated that claims relating to patent infringement are not within the province of the Maryland courts. *Id.*

<u>Patent infringement damages would be arbitrarily capped under Maryland law</u>. Maryland has enacted a partial waiver of immunity, §12-104 of the State Government

Article, that arbitrarily limits damages to $200,000.00[2]. In addition, the state legislature enacted a partial wavier of immunity with respect to suits against the MTA, but the waiver applies to contracts and torts, Md. Code Ann. [Transp.] §7-702, neither of which are applicable to Plaintiffs' suit for patent infringement.[3] These partial and limited waivers do not provide an adequate remedy for a patent infringement.

<u>Federal Courts have exclusive jurisdiction over patent infringement</u>. The Court of Appeals of Maryland has held: "It is undisputed that the federal courts have exclusive jurisdiction over claims arising under the patent laws." *Edwards,supra,* 322 Md. at 552 (citing 28 U.S.C. § 1338; *Becher v. Contoure Laboratories,* 279 U.S. 388 (1929)). Indeed, the U.S. Constitution in Article I, Section 8 enumerates the <u>exclusive</u> powers of Congress, one of which is to enact laws for the protection of inventors.

For a state to entirely avoid liability for patent infringement by not providing a remedy is a violation of due process. Under these circumstances, Maryland does not provide Plaintiffs an adequate remedy for the infringement of its patents, a violation of due process under the Fourteenth Amendment.

**III. THE HOLDING IN FLORIDA PREPAID LEAVES OPEN AN INDEPENDENT CAUSE OF ACTION UNDER THE FOURTEENTH AMENDMENT BY AN INDIVIDUAL FOR PATENT INFRINGEMENT**

The MTA's reliance on the *Florida Prepaid* decision is misplaced. It is true that the Supreme Court held that Congress failed to support and justify the Patent Remedy Act under its Fourteenth Amendment legislative powers. *See Florida Prepaid*, 527 US at 639 - 640.

---

[2] See also §5-522 of Courts and Judicial Proceedings Article, which makes clear that the state does not waive immunity as to any claim in excess of $200,000.

[3] Patent Infringement is not a tort; infringement can be innocent and still result in liability.

What the MTA misses is that, regardless of what Congress did or did not do, a patent owner who is denied due process for infringement is still entitled to invoke the protections of the Fourteenth Amendment that overcome a state's sovereign immunity defense[4]. Cf., *Fitzpatrick*, *supra*.

If the state does not provide the patent owner, whose patent has been infringed, an adequate remedy, then the state deprives the patent owner of a property right without due process in violation of the Fourteenth Amendment of the U.S. Constitution.

> [O]nly, where the State provides no remedy or only inadequate remedies to the injured patent owners for its infringement of their patent could a deprivation of property without due process result.

*Florida Prepaid*, 527 U.S. at 643. In the face of a violation of due process, Maryland cannot invoke Eleventh Amendment sovereign immunity. The Supreme Court in *Florida Prepaid* cited two prisoner decisions *Parratt v. Taylor*, 451 U.S. 527 (1981) (no deprivation of due process under Fourteenth Amendment because State provided adequate remedy) and *Hudson v. Palmer*, 468 U.S. 517 (1984) (State provided a meaningful post-deprivation remedy for the loss). In the case before Your Honor, because Maryland does not provide an adequate remedy for patent infringement, Plaintiffs have a Fourteenth Amendment deprivation of due process cause of action in federal court for patent infringement.

---

[4] A foreign corporation is entitled to the same due process protections under the Fourteenth Amendment as any other citizen. *Grosjean v. Am. Press Co.*, 297 U.S. 233 (1936); *Kentucky Finance Corp. v. Paramount Auto Exchange Corp.*, 262 U.S. 544 (1923); *Holt v. Klosters Rederi A/S*, 355 F.Supp. 354 (D.C. Mich. 1973); *see also Al-Marri v. Wright*, 487 F.3d 160, 174-75 (4th Cir. 2007).

## IV. THE COURT DECISIONS ON WHICH MTA RELIES ARE NOT ON POINT OR CONTROLLING

The MTA relies on two decisions to bolster its argument that Plaintiffs may not bring a patent infringement suit in federal court: *BioMedical Patent Management Corporation v. California*, 505 F.3d 1328 (Fed. Cir. 2007) and *A123 Systems, Inc. v. Hydro-Quebec*, 626 F.3d 123 (Fed. Cir. 2010). Neither of these decisions is controlling on, or even address, the issues before this Court on this record.

In *BioMedical*, the Department of Health Services (DHS) of the State of California intervened in a 1997 patent declaratory judgment action, and the Federal Circuit confirmed that the state's intervention constituted a waiver of sovereign immunity. In 2006, another suit was filed in which BioMedical (the patent owner) sued the DHS for patent infringement. The Court held that the state's intervention in the 1997 suit lawsuit did not constitute an estoppel or a waiver of sovereign immunity in the 2006 lawsuit.

The issues in *BioMedical* are different than the issues presented *sub judice*. For example, there was no claim by BioMedical that the State of California did not provide an adequate remedy for patent infringement. The apparent direct infringer was Kaiser Foundation Health Plan, Inc., a subcontractor of the DHS, and BioMedical resolved its disputes with Kaiser in 1998 when it entered into a covenant not to sue. The issues raised in the present litigation are simply not addressed in the *BioMedical* decision.

*A123 Systems* is not a patent infringement suit. Instead, the alleged infringer was seeking a declaration that the patent was invalid and therefore not infringed. The patent owner did not file suit seeking damages for infringement, as Plaintiffs have. The patent

6

owner had not been deprived of his property right without due process of law, as the MTA seeks to do in this case.

## V. CONCLUSION

The MTA's Motion to Dismiss Plaintiffs' Complaint should be denied.


Dated: June 1, 2011

_____/s/_____
Anthony E. Dowell
aedowell@dowellbaker.com
Geoffrey D. Smith
GSmith@dowellbaker.com
DOWELL BAKER, P.C.
201 Main St., Suite 710
Lafayette, IN 47901
(765) 429-4004
(765) 429-4114 (fax)

_____/s/_____
Francis J. Gorman
FJGorman@GandWlaw.com
Bar No. 00690
Jason N. Smith
JNSmith@GandWlaw.com
Bar No. 28909
36 South Charles Street, Suite 900
Baltimore, MD 21201
(410) 528-0600
(410) 528-0602

Attorneys for Plaintiffs

<u>Certificate of Service</u>

Service was made on the attorneys for MTA through the CM/ECF system on June 1, 2011.

_____/s/_____
Francis J. Gorman